## McCOY v ANDERSON, Rec, Etc

Ohio Appeals, 3rd Dist, Union Co

No 147.   Decided Oct 24, 1933

Milo L. Myers, Marysville, for plaintiffs in error.

Robert F. Allen, and Richard C. Thrall, Marysville, for defendant in error.

**OPINION**

By GUERNSEY, J.

The judgment debtor duly noted his exceptions to this finding and order. Thereafter, the judgment debtor filed his motion which he designated as a motion for rehearing, but which in law amounted to a motion for a new trial in the proceeding, and the said O. R. McCoy who, up to this time had been only a witness in the proceeding and neither a party nor a garnishee, filed a motion which he designated as a motion for a rehearing of the proceeding, one of the grounds in each of the motions being that the finding, order and judgment of the court was contrary to law. The Common Pleas Court, on consideration of these motions, overruled the same, and the judgment debtor, who was the defendant in the original case, filed his petition in error in this court to the finding, order and judgment of the lower court, the error proceeding based on such petition is now numbered 148 in this court; and the said O. R. McCoy at the same time filed his petition in error in this court to the finding, order and judgment of the lower court, the error proceeding based on such petition being numbered 147 in this court. Practically the same assignments of error are made in both petitions in error as were made in the motions for rehearing in the lower court, and in both petitions in error one of the errors assigned is that the finding, order and judgment of the court below is contrary to law, and under the view we take of this case this assignment of error is the only one necessary for consideration by this court, and this opinion will cover both error proceedings.

Insofar as the error proceeding brought by L. J. McCoy, the judgment debtor, is concerned, the finding, order and judgment, of the lower court with reference to and disposition of the tax lien are not in any way prejudicial to him, as his sole contention is that the tax lien is the property of his brother O. R. McCoy and, as the property is not claimed by him, any order affecting the same is not prejudicial to him. Moreover, the evidence in the case fully justified the court insofar as the judgment debtor is concerned, in making a finding that the tax lien was his property and ordering its application by him toward the satisfaction of the judgment as provided in §11781 GC, and the findings and orders made by the court with reference to the cancellation of the assignment of the lien by him to O. R. McCoy were not, as to him, in any way prejudicial for the reasons above mentioned.

On the petition in error filed by O. R. McCoy two other questions are raised: first, as to whether the court, in view of the fact

that O. R. McCoy was not originally a party to the proceeding, has jurisdiction to grant him any relief on such petition; second, in the event the court has jurisdiction, to what relief, if any, is he entitled.

The questions will be considered in the order mentioned. In the view we take of this matter it is unnecessary to determine whether O. R. McCoy could or did become a party to this proceeding in the lower court by invoking the jurisdiction of that court on his motion for rehearing, and our consideration will be limited to the question as to whether he became a party to the error proceeding by filing his petition in error, even though not a party to the original proceeding.

In the case of **Jones v Marsh, 30 Oh St, page 20,** it was held that a defendant in a case who had not been served with process became a party to a case by filing a petition in error in the district court, and that such person not being made a party to error proceedings in the Supreme Court by other defendants, such error proceedings were so defective that the Supreme Court would not have such jurisdiction of the subject matter as would authorize it to reverse or modify the judgment of either of the courts below.

And it would see, on principle that under the liberal practice of our courts, a person not a party to a proceeding in a trial court in which an unauthorized order is made directly and adversely affecting his rights, has a right to seek reversal of such order by petition in error in such proceeding instead of being compelled to resort to other and more expensive, and less effective remedies.

We are therefore of the opinion that this court has jurisdiction to grant relief on the petition in error of O. R. McCoy.

The proceedings in aid of execution were brought under the provisions of §§11768 to 11787, GC, both inclusive. The only order that can be made under these sections is an order that only property of the judgment debtor or any due to him not exempt by law be applied toward the satisfaction of the judgment, disobedience of which order may be punished as for contempt under the provisions of §11779 GC. These sections do not authorize a judge to determine the rights of persons not parties to the proceeding, to property which it is claimed is the property of the judgment debtor, and the only effect of such order is to give a lien to the judgment creditor on such interest as the judgment debtor may have in such property, with the right to bring action to determine the extent of such interest. In the instant case the only jurisdiction the court had was to make a finding affecting the judgment debtor only to the effect that the judgment debtor owned the property, and ordering him to apply it toward the payment of the judgment debt. He had no jurisdiction to make any finding or order affecting the rights of O. R. McCoy or cancelling his indicia of title, as these rights could only be determined in an action brought by the judgment creditor or by a receiver appointed in such proceedings against the said O. R. McCoy. It would seem preferable that such action be brought by the judgment creditor himself in the nature of a creditor's bill under the provisions of §11760, GC, which expressly provides for the bringing of such action to satisfy judgment.

The decision in the case of **Wilson v Casualty Company, 118 Oh St 319,** has no application to the facts in the instant case. In that case the order made by the lower court in the proceedings in aid of execution was an order on the judgment debtor to apply certain money which the lower court found and adjudged was owned by him and **under his control,** although in the hands of a third person, to the payment of the judgment debt. The order affected only the judgment debtor. This order was sustained by the Supreme Court on the ground that it affected only the judgment debtor.

In the instant case, the order attempted to be made directly affected a third person, O. R. McCoy, by directing the clerk to cancel his indicia of title, and in our opinion the court was without jurisdiction under the sections mentioned, to make such order.

Holding the views we do, the judgment of the lower court will be affirmed as to L. J. McCoy and reversed as to O. R. McCoy.

CROW, PJ, and KLINGER, J, concur.